**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-MJ-03850-LMR**

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**v.**

**GORAN GOGIC,**

       **Defendant.**

_____/

## PRETRIAL DETENTION AND REMOVAL ORDER

On November 10, 2022, Defendant Goran Gogic ("Defendant") appeared before this Court for a removal and detention hearing, pursuant to Federal Rule of Criminal Procedure 5(c)(3)(D) and the Bail Reform Act, 18 U.S.C. §§ 3142(f), to determine whether he is the same person named in the Indictment in case number 22-CR-00493-NM out of the Eastern District of New York and whether he should be detained pending trial. The United States requested that Defendant be detained based upon danger to the community and risk of flight.

Having considered the factors enumerated in 18 U.S.C. §§ 3142(g) and having heard from the parties and witness at the November 10, 2022 hearing, this Court finds that the United States has established identity of Defendant as the individual charged in the Indictment by a preponderance of the evidence. Further, this Court finds that no condition or combination of conditions will reasonably assure the safety of the community or Defendant's appearance at trial. Therefore, Defendant shall be detained pending trial and ordered removed to the Eastern District of New York.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

## I.  Findings of Fact

### a.  Nature and Circumstances of the Offense

Defendant was indicted in the Eastern District of New York on October 28, 2022, and charged with Conspiracy to Violate the Maritime Drug Law Enforcement Act (Count 1); violation of the Maritime Drug Law Enforcement Act on or about February 27, 2019 (Count 2); violation of the Maritime Drug Law Enforcement Act on or about March 18, 2019 (Count 3); and violation of the Maritime Drug Law Enforcement Act on or about June 19, 2019 (Count 4), all in violation of Title 46, United States Code, Section 70503(a)(1). If convicted, Defendant faces a maximum term of life imprisonment for each of the counts. The advisory Sentencing Guidelines also recommend a sentence of life.

### b.  Weight of the Evidence

The weight of the evidence against Defendant is substantial. Through its proffer at the hearing on November 10, the Indictment, and cross-examination of Homeland Security Investigations Special Agent Alexander Sorokin, the United States demonstrated by a preponderance of the evidence that Defendant is the same person named in the Indictment and established probable cause to find Defendant committed the charged offenses. This Court took under advisement the Indictment, dated October 28, 2022, and Pretrial Services Report.

An investigation conducted by federal law enforcement revealed that Defendant was a member of a conspiracy to import massive quantities of cocaine from South America into the United States and ultimately to distributers located in the Balkans region of Europe. The drug seizure associated with Count 4 of the Indictment involved slightly under 18,000 kilograms of cocaine and was one of the largest cocaine seizures in United States history. The value of this cocaine was estimated at over $1 billion.

Defendant and his co-conspirators used sophisticated means and methods to carry out their conspiracy and avoid detection by law enforcement officials globally. The conspirators selected shipping vessels located near ports in South America based in part on their knowledge of the vessels and their crewmembers. They approached the shipping vessels anchored off the coast in speedboats, then used the

2

vessels' cranes and nets to load the cocaine onboard. Once onboard, the conspirators hid the cocaine in containers containing otherwise-legitimate cargo for transport to the United States and ultimately Europe.

The investigation showed that Defendant played an integral part of this conspiracy because he oversaw logistics for moving the cocaine from one country to another. He coordinated with individuals around the world to ensure the conspiracy's success. And, following seizures of cocaine by law enforcement, Defendant personally attempted to root out and identify a "snitch" who he suspected was responsible for the seizures.

Given the nature of the charges, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Defendant as required nor the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A).

### c.   History and Characteristics of the Defendant

Defendant was born in and is a citizen of Montenegro, which does not have an extradition policy of its citizens with the United States. His passport was seized by agents upon his arrest. Defendant has lived in Bielefeld, Germany, for the past 23 years. Most of Defendant's family, including parents, former spouse, and children, live in Germany. His current partner and child live in Serbia. Defendant acknowledged having traveled to various countries in Europe and South America over the past decade.

He has no ties to the United States other than the activity charged in the Indictment. Defendant arrived in the United States on a tourist visa and was arrested at the Miami International Airport attempting to board a flight to Switzerland. If released on bond, counsel suggested that Defendant could locate and rent an apartment until the conclusion of this case. However, the Court found that these conditions were not sufficient to assure his future appearance in court.

### II.      Reasons for Detention

When the United States seeks to detain a criminal defendant pending trial based on his status as a flight risk, it must prove by a preponderance of the evidence that no condition or set of conditions will reasonably assure his presence at trial. *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985). By

3

contrast, where the United States seeks to detain a defendant based on his potential danger to the community, it must show by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. *Id*.

In light of the nature and circumstances of the charges against Defendant, the significant prison time he faces if convicted, the weight of the evidence against him, his citizenship of a non-extradition country, his significant financial resources, and the evidence presented at the November 10, 2022 detention and removal hearing, the Court finds that the United States has shown by clear and convincing evidence that no condition or set of conditions would reasonably assure the safety of the community if Defendant were to be released on bond. Further, the United States has shown by a preponderance of the evidence that no condition or set of conditions would reasonably assure his appearance at trial. Accordingly, Defendant must be detained pending trial in this matter. The United States has also established Defendant's identity as the individual charged in the Indictment by a preponderance of the evidence.

### III. CONCLUSION

For the reasons stated above, it is hereby

**ORDERED** that Defendant Goran Gogic is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for the purpose of court appearances. It is further

**ORDERED and ADJUDGED** that Defendant Goran Goric shall be transferred to the Eastern District of New York for all further proceedings, and the Clerk of Court is directed to transmit all papers in connection therewith.

Although this order is executed on this 15th day of November 2022, the Court announced its decision regarding detention as to Defendant on the record at the detention and removal hearing on November 10, 2022; thus, this order is effective as of November 10, 2022.

**DONE and ORDERED** in Chambers at Miami, Florida, this 15th day of November 2022.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE