CLOSED,INTERPRETER

## U.S. District Court
## Southern District of Florida (Miami)
## CRIMINAL DOCKET FOR CASE #: **1:22−mj−03850−LMR−1**

| | |
|---|---|
| Case title: USA v. Gogic | Date Filed: 10/31/2022 |
| | Date Terminated: 11/15/2022 |

Assigned to: Magistrate Judge Lisette M. Reid

**Defendant (1)**

| | | |
|---|---|---|
| **Goran Gogic**<br>29208−510<br>*YOB: 1979; Serbian*<br>*TERMINATED: 11/15/2022* | represented by | **Lawrence A. Hashish**<br>307<br>1700 East Las Olas Blvd.<br>Fort Lauderdale, FL 33301<br>954−703−2112<br>Fax: 954−900−5730<br>Email: hashish320@hotmail.com<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Temporary* |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| Warr/Ind/E/D/NY − Consp/Violate the Maritime Drug Law Enforcement Act | |

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Ricardo A. Del Toro** <br> United States Attorney's Office <br> 99 NE 4 Street, Suite 620 <br> Miami, FL 33132 <br> 305–961–9182 <br> Fax: 305–530–7976 <br> Email: ricardo.del.toro@usdoj.gov <br> *LEAD ATTORNEY* <br> *ATTORNEY TO BE NOTICED* <br> *Designation: Retained* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 10/31/2022 | 1 | | Magistrate Judge Removal of Indictment from the Eastern District of New York Case number in the other District CR 22–493 as to Goran Gogic (1). (br) (Entered: 11/01/2022) |
| 10/31/2022 | 2 | | ORDER Unsealing Case as to Goran Gogic. Signed by Magistrate Judge Lisette M. Reid on 10/31/2022. *See attached document for full details.* (br) (Entered: 11/01/2022) |
| 10/31/2022 | 3 | | NOTICE OF TEMPORARY ATTORNEY APPEARANCE: Lawrence A. Hashish appearing for Goran Gogic (br) (Entered: 11/01/2022) |
| 10/31/2022 | | | Arrest of Goran Gogic (br) (Entered: 11/01/2022) |
| 10/31/2022 | 4 | | Minute Order for proceedings held before Magistrate Judge Lisette M. Reid: Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Goran Gogic held on 10/31/2022. (Detention Hearing set for 11/7/2022 10:00 AM in Miami Division before MIA Duty Magistrate Judge., Removal Hearing set for 11/7/2022 10:00 AM in Miami Division before MIA Duty Magistrate Judge. Report Re: Counsel Hearing set for 11/7/2022 10:00 AM in Miami Division before MIA Duty Magistrate Judge.). German Interpreter present; The defendant prefers a Sabian Interpreter. He will proceed with a German Interpreter if the Sabian Interpreter is not available. (Digital 14:03:03/14:40:32) <br><br> It is ORDERED AND ADJUDGED that pursuant to the Due Process Protections Act, the Court confirms the United States obligation to disclose to the defendant all exculpatory evidence− that is, evidence that favors the defendant or casts doubt on the United States case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so. The government has a duty to disclose any evidence that goes to negating the defendants guilt, the credibility of a witness, or that would reduce a potential sentence. The defendant is entitled to this information without a request. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court. Signed by Magistrate Judge Lisette M. Reid on 10/31/2022. (br) (Entered: 11/01/2022) |
| 11/07/2022 | | | Set/Reset Hearings as to Goran Gogic: Detention Hearing set for 11/14/2022 10:00 AM in Miami Division before MIA Duty Magistrate Judge. Removal Hearing set for 11/14/2022 10:00 AM in Miami Division before MIA Duty Magistrate Judge. Report Re: Counsel Hearing set for 11/14/2022 10:00 AM in Miami Division before MIA Duty Magistrate Judge. (dgj) (Entered: 11/07/2022) |

| | | | |
|---|---|---|---|
| 11/07/2022 | 5 | | Minute Order for proceedings held before Magistrate Judge Jacqueline Becerra: Status Conference as to Goran Gogic held on 11/7/2022. Defendant not present due to medical condition. (Arraignment, Removal Hearing, and Report Re: Counsel Hearing set for 11/10/2022 at 10:00 AM in Miami Division before MIA Duty Magistrate Judge) Serbian Interpreter present. (Digital 10:53:21) Signed by Magistrate Judge Jacqueline Becerra on 11/7/2022. (jbs) (Entered: 11/08/2022) |
| 11/08/2022 | | | Set/Reset Hearings as to Goran Gogic: Detention Hearing set for 11/10/2022 10:00 AM in Miami Division before MIA Duty Magistrate Judge. Removal Hearing set for 11/10/2022 10:00 AM in Miami Division before MIA Duty Magistrate Judge. Report Re: Counsel Hearing set for 11/10/2022 10:00 AM in Miami Division before MIA Duty Magistrate Judge. (dgj) (Entered: 11/08/2022) |
| 11/09/2022 | | | Terminate Arraignment as to Goran Gogic. Detention Hearing, Removal Hearing, and Report Re: Counsel Hearing set for 11/10/2022 at 10:00 AM in Miami Division before MIA Duty Magistrate Judge. (jbs) (Entered: 11/09/2022) |
| 11/10/2022 | 6 | | Minute Entry for proceedings held before Magistrate Judge Jacqueline Becerra: Detention Hearing as to Goran Gogic held on 11/10/2022. Witness S/A Alexander Eorroka sworn/testified. Removal Hearing as to Goran Gogic held on 11/10/2022. Court found that deft is the same person indicted in EDNY. Court ordered deft detained re risk of flight/danger. Warrant of removal issued. Serbian Interpreter present. (Digital 10:15:09) (dgj) (Entered: 11/10/2022) |
| 11/15/2022 | 7 | | ORDER OF DETENTION as to Goran Gogic,and ORDER OF REMOVAL ISSUED to District of Eastern District of New York as to Goran Gogic. Closing Case for Defendant. Signed by Magistrate Judge Jacqueline Becerra on 11/15/2022. *See attached document for full details.* (drz) (Entered: 11/15/2022) |

**22-MJ-03850-REID**

AO 442 (Rev. 11/11) Arrest Warrant

FILED BY __MM__ D.C.
Oct 31, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| United States of America<br>v.<br>GORAN GOGIC<br><br>*Defendant* | ) ) ) ) ) ) ) | Case No. CR 22 - 493<br>MORRISON, J.<br>KUO, M.J. |
|---|---|---|

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* **GORAN GOGIC**,

who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment  ☐ Superseding Indictment  ☐ Information  ☐ Superseding Information  ☐ Complaint
☐ Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice  ☐ Order of the Court

This offense is briefly described as follows:

Conspiracy to Violate the Maritime Drug Law Enforcement Act and Violation of the Maritime Drug Law Enforcement Act, in violation of T. 21, U.S.C., § 960(b)(1)(B)(ii); T. 46, U.S.C., §§ 70503(a)(1), 70503(b), 70504(b)(2), 70506(a), 70506(b) and 70507(a); T. 18, U.S.C., §§ 2 and 3238.

Date: 10/28/2022

*Issuing officer's signature*

City and state: Brooklyn, New York

Taryn A. Merkl, U.S.M.J.
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____<br>at *(city and state)* _____.<br><br>Date: _____<br><br>*Arresting officer's signature*<br><br>*Printed name and title* |

4

EDP:NDB/RMP
F. #2022R00883/NY-NYE-865

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

GORAN GOGIC,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

INDICTMENT
Cr. No. CR 22- 493
(T. 21, U.S.C., §§ 853(p), 881(a) and 960(b)(1)(B)(ii); T. 28, U.S.C., § 2461(c); T. 46, U.S.C., §§ 70503(a)(1), 70503(b), 70504(b)(2), 70506(a), 70506(b) and 70507(a); T. 18, U.S.C., §§ 2, 3238 and 3551 et seq.)

**MORRISON, J.**
**KUO, M.J.**

THE GRAND JURY CHARGES:

COUNT ONE
(Conspiracy to Violate the Maritime Drug Law Enforcement Act)

1.  In or about and between May 2018 and July 2019, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the Eastern District of New York and elsewhere, the defendant GORAN GOGIC, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance while on board a vessel subject to the jurisdiction of the United States, which offense involved a substance containing cocaine, a Schedule II controlled substance, contrary to Title 46, United States Code, Section 70503(a)(1). The amount of cocaine involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of

2

other conspirators reasonably foreseeable to him, was five kilograms or more of a substance containing cocaine.

(Title 46, United States Code, Sections 70506(b), 70506(a), 70503(b) and 70504(b)(2); Title 21, United States Code, Section 960(b)(1)(B)(ii); Title 18, United States Code, Sections 3238 and 3551 et seq.)

COUNT TWO
(Violation of the Maritime Drug Law Enforcement Act –
Approximately 1,437 Kilograms of Cocaine)

2. On or about February 27, 2019, within the extraterritorial jurisdiction of the United States, the Eastern District of New York and elsewhere, the defendant GORAN GOGIC, together with others, while on board a vessel subject to the jurisdiction of the United States, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 46, United States Code, Sections 70503(a)(1), 70506(a), 70503(b) and 70504(b)(2); Title 21, United States Code, Section 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2, 3238 and 3551 et seq.)

COUNT THREE
(Violation of the Maritime Drug Law Enforcement Act –
Approximately 537 Kilograms of Cocaine)

3. On or about March 18, 2019, within the extraterritorial jurisdiction of the United States and elsewhere, the defendant GORAN GOGIC, together with others, while on board a vessel subject to the jurisdiction of the United States, did knowingly and intentionally

distribute and possess with intent to distribute a controlled substance, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 46, United States Code, Sections 70503(a)(1), 70506(a), 70503(b) and 70504(b)(2); Title 21, United States Code, Section 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2, 3238 and 3551 et seq.)

## COUNT FOUR
(Violation of the Maritime Drug Law Enforcement Act –
Approximately 17,956 Kilograms of Cocaine)

4. On or about June 19, 2019, within the extraterritorial jurisdiction of the United States and elsewhere, the defendant GORAN GOGIC, together with others, while on board a vessel subject to the jurisdiction of the United States, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 46, United States Code, Sections 70503(a)(1), 70506(a), 70503(b) and 70504(b)(2); Title 21, United States Code, Section 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2, 3238 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

5. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged herein, the government will seek forfeiture in accordance with Title 46, United States Code, Section 70507(a), Title 21, United States Code, Section 881(a) and Title 28, United States Code, Section 2461(c), which require the forfeiture of: (a) all moneys, negotiable instruments, securities and other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Title 46, United States Code, Section 70503; (b) all proceeds traceable to such an

4

exchange, and all moneys, negotiable instruments and securities used or intended to be used to facilitate any violation of Title 46, United States Code, Section 70503; and (c) all conveyances, including aircraft, vehicles and vessels, which were used, or were intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment of, property as described in Title 21, United States Code, Sections 881(a)(1), 881(a)(2) or 881(a)(9).

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;
    (b) has been transferred or sold to, or deposited with, a third party;
    (c) has been placed beyond the jurisdiction of the court;
    (d) has been substantially diminished in value; or
    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other

5

property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(p) and 881(a); Title 28, United States Code, Section 2461(c); Title 46, United States Code, Section 70507(a))

A TRUE BILL

███████████

FOREPERSON

By Carolyn Pokorny, Assistant U.S. Attorney

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 22-MJ-03850-REID (SEALED)

UNITED STATES OF AMERICA,
    Plaintiff,

V.

GORAN GOGIC,
    Defendant(s).
_____/

## ORDER

**THIS CAUSE** came before the Court and pursuant to proceedings it is thereupon, PURSUANT TO THE ARREST OF THE ABOVE NAMED DEFENDANT, THIS CASE IS HEREBY UNSEALED.

**DONE AND ORDERED** at Miami, Florida.

Dated: 10/31/2022

_____
**Lisette Marie Reid**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: **22-MJ-03850-Reid**

UNITED STATES OF AMERICA,
        Plaintiff,

v.

**Goran Gogic**
        Defendant.

**NOTICE OF TEMPORARY APPEARANCE AS COUNSEL**

COMES NOW **Lawrence A. Hashish** and files this temporary appearance as counsel for the above named defendant(s) at initial appearance. This appearance is made with the **understanding** that the undersigned counsel will fulfill any **obligations imposed** by the Court such as **preparing and filing documents** necessary to collateralize any personal surety bond which may be set.

Counsel's Name (**Printed**): **Lawrence A. Hashish**

Counsel's Signature: _____

Address (include City/State/Zip Code):
**1700 E Las Olas Blvd, Suite 307
Fort Lauderdale, FL 33301**

Telephone: **773 610 1777**  Florida Bar Number: **053966**

Date: **10-31-22**

# MINUTE ORDER

Page 4

## Magistrate Judge Lisette Marie Reid

Atkins Building Courthouse - 3rd Floor     Date: 10/31/2022    Time: 2:00 p.m.

Defendant: GORAN GOGIC    J#: 29208-510    Case #: 22-MJ-03850-REID
AUSA: Rick Del Toro     Attorney: Lawrence A. Magshish-Temp
Violation: DIST-E/NY//WARR/IND/CONSPIRACY TO VIOLATE THE MARITIME DRUG LAW ENFORCEMENT ACT    Surr/Arrest Date: 10/31/2022    YOB: 1979

Proceeding: Initial Appearance    CJA Appt:
Bond/PTD Held: ☒ Yes ☐ No    Recommended Bond:
Bond Set at:    Co-signed by: → German Interpreter present
Language: Sabian or German → prefers

☐ Surrender and/or do not obtain passports/travel docs
☐ Report to PTS as directed/or ___ x's a week/month by phone: ___ x's a week/month in person
☐ Random urine testing by Pretrial Services
    Treatment as deemed necessary
☐ Refrain from excessive use of alcohol
☐ Participate in mental health assessment & treatment
☐ Maintain or seek full-time employment/education
☐ No contact with victims/witnesses, except through counsel
☐ No firearms
☐ Not to encumber property
☐ May not visit transportation establishments
☐ Home Confinement/Electronic Monitoring and/or Curfew ___ pm to ___ am, paid by ___
☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment
☐ Travel extended to:
☐ Other:

Disposition:
- Deft advised of his rights & Charges.
- Case Unsealed
- Temp PTD: Risk of Flight & Danger to the Community
- Brady Warning given
- Deft's request for Monday for both PTD & Removal.

Time from today to ___ excluded from Speedy Trial Clock

| NEXT COURT APPEARANCE | Date: | Time: | Judge: | Place: |
|---|---|---|---|---|
| Report RE Counsel: | 11/7 | 10:00 | Duty | Miami |
| PTD/Bond Hearing: | 11/7 | 10:00 | Duty | Miami |
| Prelim/Arraign or Removal: | 11/7 | | | |
| Status Conference RE: | | | | |

D.A.R. 14:03:03 / 14:40:32     Time in Court: 10 minutes

s/Lisette Marie Reid     Magistrate Judge

12

Case 1:22-mj-03850-bMR8 Document 5 Entered on FLSD Docket 11/16/2022 Page 13 of 19
Case 1:22-mj-03850-JB Document 15 Entered on FLSD Docket 11/16/2022 Page 4 of 19
Page 4

# COURT MINUTES

## Magistrate Judge Jacqueline Becerra

King Building Courtroom 10-6     Date: 11/7/2022    Time: 10:00 a.m.

Defendant: GORAN GOGIC    J#: 29208-510    Case #: 22-3850-MJ-REID
AUSA: Will Rosenzweig    Attorney: LAWRENCE HASHISH (TEMP) ✓
Violation: WARR/INDICTMENT/EDNY/CONSPIRACY TO VIOLATE THE MARITIME DRUG LAW ENFORCEMENT
Proceeding: RRC/Detention/Removal    CJA Appt:
Bond/PTD Held: ○ Yes ○ No    Recommended Bond: TEMP PTD
Bond Set at:    Co-signed by:

- ☐ Surrender and/or do not obtain passports/travel docs
- ☐ Report to PTS as directed/or ____ x's a week/month by phone: ____ x's a week/month in person
- ☐ Random urine testing by Pretrial Services Treatment as deemed necessary
- ☐ Refrain from excessive use of alcohol
- ☐ Participate in mental health assessment & treatment
- ☐ Maintain or seek full-time employment/education
- ☐ No contact with victims/witnesses
- ☐ No firearms
- ☐ Not to encumber property
- ☐ May not visit transportation establishments
- ☐ Home Confinement/Electronic Monitoring and/or Curfew ____ pm to ____ am, paid by ____
- ☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment
- ☐ Travel extended to:
- ☐ Other:

Language: Serbian

Disposition:
*Brady previously given
- Deft not present due to COVID
- Court reset to 11-14-22
** Deft out of Isolation
* Pursuant to the availability of the Serbian interpreter, Court approved to reset this case to 11-10-22

Time from today to ____ excluded from Speedy Trial Clock

NEXT COURT APPEARANCE    Date:    Time:    Judge:    Place:
Report RE Counsel: 11-10   10 am   MJA   Duty
PTD/Bond Hearing: "   "
Prelim/Arraign or Removal: "   "
Status Conference RE:
D.A.R. 10:53:21    Time in Court: 2 mins

Page 6

# COURT MINUTES

## Magistrate Judge Jacqueline Becerra

King Building Courtroom 10-6                    Date: 11/10/2022   Time: 10:00 a.m.

Defendant: Goran Gogic                J#: 29208-510    Case #: 22-3850-MJ-REID
AUSA: Julia Maloney                   Attorney: Lawrence A. Hashish (TEMP)
Violation: Warr/Ind/E/D/NY - Consp/Violate the Maritime Drug Law Enforcement Act
Proceeding: Report Re: Counsel/Removal/Detention Hearing    CJA Appt:
Bond/PTD Held: ☐ Yes  ☐ No    Recommended Bond: TEMP PTD
Bond Set at:                                        Co-signed by:

☐ Surrender and/or do not obtain passports/travel docs       Language: Serbian

☐ Report to PTS as directed/or ___ x's a week/month by phone: ___ x's a week/month in person

☐ Random urine testing by Pretrial Services ___
  Treatment as deemed necessary

☐ Refrain from excessive use of alcohol

☐ Participate in mental health assessment & treatment

☐ Maintain or seek full-time employment/education

☐ No contact with victims/witnesses

☐ No firearms

☐ Not to encumber property

☐ May not visit transportation establishments

☐ Home Confinement/Electronic Monitoring and/or
  Curfew ___ pm to ___ am, paid by ___

☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment

☐ Travel extended to: ___
☐ Other: ___

Disposition:
*Brady Order given
- PTD hrg held
- Removal hrg held
- S/A Alexander Goroka sworn & testified
- The Court found that the deft is the same person indicted in the ED of NY.
- The court ordered the deft detained: Risk of Flight & Danger to the Community
- Warrant of Removal issued

Time from today to ___ excluded from Speedy Trial Clock

NEXT COURT APPEARANCE   Date:        Time:        Judge:        Place:
Report RE Counsel:
PTD/Bond Hearing:
Prelim/Arraign or Removal:
Status Conference RE:
D.A.R. 10:15:04                                    Time in Court: 32 minutes

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 22-MJ-03850-LMR**

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

v.

**GORAN GOGIC,**

       **Defendant.**

_____/

**PRETRIAL DETENTION AND REMOVAL ORDER**

On November 10, 2022, Defendant Goran Gogic ("Defendant") appeared before this Court for a removal and detention hearing, pursuant to Federal Rule of Criminal Procedure 5(c)(3)(D) and the Bail Reform Act, 18 U.S.C. §§ 3142(f), to determine whether he is the same person named in the Indictment in case number 22-CR-00493-NM out of the Eastern District of New York and whether he should be detained pending trial. The United States requested that Defendant be detained based upon danger to the community and risk of flight.

Having considered the factors enumerated in 18 U.S.C. §§ 3142(g) and having heard from the parties and witness at the November 10, 2022 hearing, this Court finds that the United States has established identity of Defendant as the individual charged in the Indictment by a preponderance of the evidence. Further, this Court finds that no condition or combination of conditions will reasonably assure the safety of the community or Defendant's appearance at trial. Therefore, Defendant shall be detained pending trial and ordered removed to the Eastern District of New York.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

I.   **Findings of Fact**

   a.   **Nature and Circumstances of the Offense**

Defendant was indicted in the Eastern District of New York on October 28, 2022, and charged with Conspiracy to Violate the Maritime Drug Law Enforcement Act (Count 1); violation of the Maritime Drug Law Enforcement Act on or about February 27, 2019 (Count 2); violation of the Maritime Drug Law Enforcement Act on or about March 18, 2019 (Count 3); and violation of the Maritime Drug Law Enforcement Act on or about June 19, 2019 (Count 4), all in violation of Title 46, United States Code, Section 70503(a)(1). If convicted, Defendant faces a maximum term of life imprisonment for each of the counts. The advisory Sentencing Guidelines also recommend a sentence of life.

   b.   **Weight of the Evidence**

The weight of the evidence against Defendant is substantial. Through its proffer at the hearing on November 10, the Indictment, and cross-examination of Homeland Security Investigations Special Agent Alexander Sorokin, the United States demonstrated by a preponderance of the evidence that Defendant is the same person named in the Indictment and established probable cause to find Defendant committed the charged offenses. This Court took under advisement the Indictment, dated October 28, 2022, and Pretrial Services Report.

An investigation conducted by federal law enforcement revealed that Defendant was a member of a conspiracy to import massive quantities of cocaine from South America into the United States and ultimately to distributers located in the Balkans region of Europe. The drug seizure associated with Count 4 of the Indictment involved slightly under 18,000 kilograms of cocaine and was one of the largest cocaine seizures in United States history. The value of this cocaine was estimated at over $1 billion.

Defendant and his co-conspirators used sophisticated means and methods to carry out their conspiracy and avoid detection by law enforcement officials globally. The conspirators selected shipping vessels located near ports in South America based in part on their knowledge of the vessels and their crewmembers. They approached the shipping vessels anchored off the coast in speedboats, then used the

vessels' cranes and nets to load the cocaine onboard. Once onboard, the conspirators hid the cocaine in containers containing otherwise-legitimate cargo for transport to the United States and ultimately Europe.

The investigation showed that Defendant played an integral part of this conspiracy because he oversaw logistics for moving the cocaine from one country to another. He coordinated with individuals around the world to ensure the conspiracy's success. And, following seizures of cocaine by law enforcement, Defendant personally attempted to root out and identify a "snitch" who he suspected was responsible for the seizures.

Given the nature of the charges, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Defendant as required nor the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A).

### c. History and Characteristics of the Defendant

Defendant was born in and is a citizen of Montenegro, which does not have an extradition policy of its citizens with the United States. His passport was seized by agents upon his arrest. Defendant has lived in Bielefeld, Germany, for the past 23 years. Most of Defendant's family, including parents, former spouse, and children, live in Germany. His current partner and child live in Serbia. Defendant acknowledged having traveled to various countries in Europe and South America over the past decade.

He has no ties to the United States other than the activity charged in the Indictment. Defendant arrived in the United States on a tourist visa and was arrested at the Miami International Airport attempting to board a flight to Switzerland. If released on bond, counsel suggested that Defendant could locate and rent an apartment until the conclusion of this case. However, the Court found that these conditions were not sufficient to assure his future appearance in court.

### II. Reasons for Detention

When the United States seeks to detain a criminal defendant pending trial based on his status as a flight risk, it must prove by a preponderance of the evidence that no condition or set of conditions will reasonably assure his presence at trial. *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985). By

contrast, where the United States seeks to detain a defendant based on his potential danger to the community, it must show by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. *Id*.

In light of the nature and circumstances of the charges against Defendant, the significant prison time he faces if convicted, the weight of the evidence against him, his citizenship of a non-extradition country, his significant financial resources, and the evidence presented at the November 10, 2022 detention and removal hearing, the Court finds that the United States has shown by clear and convincing evidence that no condition or set of conditions would reasonably assure the safety of the community if Defendant were to be released on bond. Further, the United States has shown by a preponderance of the evidence that no condition or set of conditions would reasonably assure his appearance at trial. Accordingly, Defendant must be detained pending trial in this matter. The United States has also established Defendant's identity as the individual charged in the Indictment by a preponderance of the evidence.

### III. CONCLUSION

For the reasons stated above, it is hereby

**ORDERED** that Defendant Goran Gogic is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for the purpose of court appearances. It is further

**ORDERED and ADJUDGED** that Defendant Goran Goric shall be transferred to the Eastern District of New York for all further proceedings, and the Clerk of Court is directed to transmit all papers in connection therewith.

5

Although this order is executed on this 15th day of November 2022, the Court announced its decision regarding detention as to Defendant on the record at the detention and removal hearing on November 10, 2022; thus, this order is effective as of November 10, 2022.

**DONE and ORDERED** in Chambers at Miami, Florida, this 15th day of November 2022.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE